**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

WILLIAM CALDWELL,

      Petitioner,

    v.

LUIS GARNICA,

      Respondent.

No.  2:26-cv-00286-DMC-P

ORDER

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition, ECF No. 1, and Petitioner's motion to proceed in forma pauperis, ECF No. 2.

In light of Petitioner paying the required $5.00 filing fee, as reflected on the docket, the undersigned will deny Petitioner's motion to proceed in forma pauperis, ECF No. 2, as moot.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The petition does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S.

1

849, 856 (1994).  Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).

Here, the petition does not contain a statement of specific facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief.  The petition largely recites case law and summarizes AEDPA. See ECF No. 1. Petitioner asserts that "the sentence imposed is unauthorized by law, violating the Due Process Clause of the Fourteenth Amendment" and gives rise to "[a] life sentence for a nominal drug amount based on stale, remote convictions crosses that constitutional threshold." Id. at 1. However, Petitioner does not state what he was charged with, when he was charged, nor does Petitioner provide facts beyond "the one-gram quantity of drugs and the 40-year-old prior convictions." Id. at 5-6. The petition additionally makes passing reference to "claims of actual innocence," but it is unclear to the undersigned if Petitioner is raising an actual innocence claim. Thus, there is insufficient information for the Court to understand Petitioner's claims, what facts support such claims, and whether habeas corpus review is warranted.

Petitioner's petition for writ of habeas corpus, ECF No. 1, will be dismissed with leave to amend to provide Petitioner an opportunity to remedy these deficiencies. Petitioner is warned that failure to comply with this order may result in the dismissal of this action.  See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motion to proceed in forma pauperis, ECF No. 2, is DENIED AS MOOT;

2.    Petitioner's petition for writ of habeas corpus, ECF No. 1, is DISMISSED WITH LEAVE TO AMEND;

3.    Petitioner shall file an amended petition on the form employed by this court and states all claims and requests for relief, within 30 days of the date of this order; and

4.    The Clerk of the Court is directed to send Petitioner the Court's form habeas corpus application.

Dated:  February 23, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE