IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM CALDWELL,

Petitioner,

v.

LUIS GARNICA,

Respondent.

No. 2:26-cv-0286-DAD-ICD-P

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT PREJUDICE

(Doc. No. 5)

Petitioner, a state prisoner proceeding *pro se*, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On February 23, 2026, the then–assigned magistrate judge issued an order dismissing petitioner's original petition because it did "not contain a statement of specific facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief." (Doc. No. 3 at 2.) Petitioner was granted leave to file an amended petition within thirty (30) days of the date of that order curing the deficiencies in his allegations and was warned that his failure to do so may result in the dismissal of this habeas action. (*Id.* at 2–3.) Although served with that order, petitioner did not file an amended petition within the time provided. Accordingly, on April 20, 2026, the magistrate judge issued the pending findings and recommendations recommending that

/////

this habeas action be dismissed without prejudice due to petitioner's failure to prosecute, and failure to comply with the court's orders. (Doc. No. 5.)

The findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) No objections to the findings and recommendations were filed by petitioner, nor has he otherwise communicated with the court, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued April 20, 2026 (Doc. No. 5), are adopted in full;
2. This action is dismissed without prejudice due to petitioner's failure to prosecute and failure to comply with court orders;

/////

/////

/////

3. The Court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 31, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE